PHILIP LEVIN, APPELLANT, *v.* JACOB L. HAAS AND JOHN
W. KLEIN, RESPONDENTS.

PHILIP LEVIN, APPELLANT, *v.* JOSEPH L. HABERSTRO,
RESPONDENT.

*Severance of action — when but one bill of costs can be taxed.*

In an action brought against the indorser and makers of a promissory note, the
latter, having omitted to answer, the plaintiff caused the entry of an order
by the clerk severing the action, and entered a judgment against the makers.
Subsequently the makers were allowed to answer, the judgment to stand as
security until the final determination of the action. Thereafter both the makers
and the indorser withdrew, by stipulation, their answers, and a judgment was
entered against them.
*Held,* that the plaintiff could tax but one bill of costs.

APPEAL by the plaintiff from an order made at the Erie Special
Term, upon an appeal from a taxation of costs in each of the above
entitled actions. The plaintiff brought an action against the makers
and indorser upon a promissory note, by a summons served person-
ally upon all the defendants except Cohen.

Haberstro, the indorser of the note in suit, put in an answer.
Haas and Klein, the makers, omitted to put in an answer, and judg-
ment was entered against them September 11, 1878. After Haber-
stro had answered, an application was made by Haas and Klein for
leave to answer, and it was granted upon terms which directed that
the judgment stand as security until the final determination of the
action. When the original judgment against the makers was
entered, an order was entered allowing the action to proceed
against the other defendant, and for that purpose the action was
severed.

In January, 1881, the answer of Haas and Klein was, by stipulation,
withdrawn, and judgment entered; and a like stipulation for judg-
ment was given by Haberstro. It does not appear that the stipula-
tions determined whether there should be one or two bills of costs
taxed, " the parties differing as to whether the plaintiff was entitled
to " two bills of costs.

The clerk allowed two bills, and the Special Term set aside the taxation, and allowed one bill of costs to be taxed and all disbursements.

*Osgoodby & Moot,* for the appellant.

*J. H. Kennedy,* for Haas and Klein, respondents.

*R. C. Titus,* for Haberstro, respondent.

HARDIN, J.:

Action against the makers and indorser was proper, and it was allowable to join such parties. (Code of Civil Pro., § 454.) Section 456 provides that when any such parties make default the plaintiffs may " take judgment against one or more of them, where he would be entitled to judgment, if the action was against him or them alone."

Then follows a provision for a continuance of the action against the " other defendants." An order is to be entered by the clerk " upon the plaintiff's application."

Such an order we understand was entered in this case while the defendants Haas and Klein were in default, and when judgment was taken against them. When their default was opened and they allowed to defend the efficacy of such order was taken away. The action then became one provided for by section 454, and to all intents and purposes was such an action as the plaintiff by that section was authorized to bring against all persons liable upon the instrument in suit. (*Freiot* v. *Adams,* 3 How., 138; *Pratt* v. *Allen,* 19 How., 450.)

Being such an action, so provided for by section 454, the prohibition of section 3231 applies, and costs other than disbursements cannot be recovered upon the final judgment by the plaintiff in more than one action.

Nor does this case come within section 499 of the Code of Civil Procedure ; nor within section 511 of the Code of Civil Procedure ; nor within the provisions of section 1220 of the Code of Civil Procedure.

We are of the opinion that the Special Term properly decided

the question presented, and must therefore affirm its order, with ten dollars costs and disbursements.

SMITH, P. J., concurred; HAIGHT, J., not sitting.

Order appealed from affirmed, with ten dollars costs and disbursements.